UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHRISTIE ATKINSON, | Case No. 2:18-CV-1279 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| OFFICER S. IZZO, et al., | |
| Defendant(s). | |

Presently before the court is pro se plaintiff Christie Atkinson's motion to proceed. (ECF No. 41).

**I.   Background**

This is a § 1983 civil rights action arising from the arrest of Atkinson by Officer Shawn Izzo and the Las Vegas Metropolitan Police Department (collectively "defendants"). Genuine disputes of material fact precluded summary judgment against Atkinson on the following claims arising out of Officer Izzo's alleged misconduct: (1) excessive force in placing excessively tight handcuffs; (2) § excessive force in placing his boot on her face and pressing her face into the asphalt; (3) negligence; (4) intentional infliction of emotional distress; and (5) battery. (ECF No. 33 at 17).

Magistrate Judge Nancy J. Koppe then instructed the parties to submit a proposed joint pretrial order ("JPTO") by May 4, 2020. (ECF No. 34). To date, no proposed *joint* pretrial order has been filed.

**II.   Legal Standard**

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or

**James C. Mahan**
**U.S. District Judge**

any claim against it." Fed. R. Civ. P. 41(b).  This court also has the inherent power to sua sponte dismiss a case for lack of prosecution or compliance with court orders. *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962); *Pagtalunan v. Galaza*, 291 F.3d 639, 640–43 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also* LR 41-1 (allowing this court to sua sponte dismiss actions that have been pending for more than 270 days without any proceeding of record).

Dismissal is "so harsh a penalty that it should be imposed as a sanction only in extreme circumstances." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  But the Ninth Circuit has "repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders." *Id.*

In determining whether dismissal is a proper sanction, this court must "weigh the court's need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to the defendants against the policy favoring disposition of cases on their merits, and the availability of less drastic sanctions." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984); *see also Yourish v. California Amplifier*, 191 F.3d 983, 989 (9th Cir. 1999); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986).  Only unreasonably delay will support a dismissal for lack of prosecution. *Ash*, 739 F.2d at 496.  The court is not required to make explicit findings on each of these factors. *Ferdik*, 963 F.2d at 1261.

### III. Discussion

Defendants say they mailed a draft JPTO to Atkinson on May 27, 2020 for her review and approval (ECF No. 38 at 2) but they ultimately filed a proposed pretrial order "without [p]laintiff's participation" on July 6, 2020.  (ECF No. 40 at 1).  This court's local rules require the parties to work together and file a JPTO.  LR 16-3(b) ("Upon the initiative of a pro se plaintiff or plaintiff's attorney, the attorneys or parties who will try the case and who are authorized to make binding stipulations must personally discuss settlement and prepare and file a proposed joint pretrial order[.]").

On July 7, 2020, Atkinson filed the instant motion to proceed, asking the court to "please proceed with this case" as its importance is "paramount."  (ECF No. 41 at 1).  On July

**James C. Mahan**
**U.S. District Judge**

- 2 -

13, 2020, this court declined to approve defendants proposed pretrial order. (ECF No. 42). Atkinson was ordered to confer with defendants' counsel and participate in filing a JPTO as required by LR 16-3(b). (*Id.*). This court also admonished Atkinson, reminding her that failure to do so could result in case-terminating sanctions. (*Id.*). This would also move the case forward as requested by Atkinson in the instant motion to proceed. The order was mailed to two addresses, Atkinson's mailing address on file and the return address on her motion to proceed. On August 10, 2020, defendants notified the court that Atkinson did not confer with their counsel and a JPTO was not prepared. (ECF No. 44).

Atkinson's failure to participate in preparing a JPTO leaves this court no choice but to consider case-terminating sanctions. Atkinson has proceeded pro se since her counsel withdrew shortly after the adjudication of defendants' motion for summary judgment. (ECF No. 32). Nevertheless, "[t]he right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *Faretta v. Cal.*, 422 U.S. 806, 834 (1975).

The aforementioned factors weigh in favor of dismissal. The public's interest in expeditious resolution of litigation always favors dismissal. *Yourish*, 191 F.3d at 990. The court's interest in managing its docket favors dismissal as well because Atkinson's failure to participate in filing a JPTO has caused this case to come to a complete halt since the court's summary judgment order on January 13, 2020. Public policy strongly favors disposition of cases on the merits but this case cannot go to trial without a JPTO. And finally, there are no less drastic alternatives available. The defendants worked with Atkinson in good faith and moved for two extensions of the deadline to file a JPTO. (ECF Nos. 36, 39). Atkinson has disobeyed a court order that afforded her extra time to confer on a JPTO and warned her of potential case-terminating sanctions. (ECF No. 42 at 2).

Because Atkinson has failed to prosecute her case and disobeyed a court order directing her to participate in filing a JPTO, her case is dismissed.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

IV. **Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Atkinson's motion to proceed (ECF No. 41) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that this case, be, and the same hereby is, DISMISSED.

The clerk shall send a copy of this order to Atkinson's two addresses.[1]

The clerk shall enter judgment and close the case.

DATED November 12, 2020.

_____
UNITED STATES DISTRICT JUDGE

---

[1] A copy of this order shall be mailed to Atkinson at her last known address, 7380 S. Eastern Ave, #124, Las Vegas, NV 89123, and the return address on Atkinson's motion to proceed (ECF No. 41), 10217 San Giano Place, Las Vegas, NV 89144.

**James C. Mahan**
**U.S. District Judge**

- 4 -